UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


BURKE LYNTONIA SILAS,

                    Petitioner,

v.                                    Case No. 3:13-cv-1275-J-34MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Burke Lyntonia Silas, an inmate of the Florida penal system, initiated this action on October 22, 2013, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 and a Memorandum of Law in Support of Petition for Writ of Habeas Corpus (Doc. 2). In the Petition, Silas challenges a 2010 state court (Duval County, Florida) judgment of conviction for sexual battery upon a mentally defective person. Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response; Doc. 14) with exhibits (Resp. Ex.). On December 17, 2013, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 6), admonishing Silas regarding his obligations and giving Silas a time frame in which to submit a reply. Silas submitted a brief in reply.

<u>See</u> Petitioner's Reply to Respondents' Response to Show Cause Order (Reply; Doc. 18). This case is ripe for review.

## II. Procedural History

On February 11, 2009, the State of Florida, in Case No. 16-2009-CF-001558, charged Silas with sexual battery upon a mentally defective person. Resp. Ex. A at 10, Information.[1] In April 2010, Silas proceeded to trial, <u>see</u> Resp. Exs. E; F; G, Transcripts of the Jury Trial (Tr.), at the conclusion of which, on April 6, 2010, a jury found him guilty of sexual battery upon a mentally defective person, as charged. <u>Id.</u> at 397; Resp. Ex. A at 134, Verdict. On June 3, 2010, the court sentenced Silas to a term of life imprisonment. Resp. Ex. B at 201-06, Judgment; 263-89.

On December 10, 2010, Silas, with the benefit of counsel, filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Resp. Ex. H at 1-8. On February 8, 2011, the trial court denied his motion. <u>Id.</u> at 9-71.

On direct appeal, Silas, with the benefit of counsel, filed an initial brief, arguing that the circuit court erred when it: failed to conduct an adequate inquiry into Silas's request to discharge counsel (ground one), and excluded the testimony of Dr. Valente as to Silas's borderline intelligence to support the defense theory (ground two). Resp. Ex. I. As ground three, Silas asserted that his

---

[1] The first trial resulted in a mistrial on February 12, 2010. <u>See</u> Resp. Exs. A at 58-60; C; D.

2

life sentence as a habitual felony offender violated the constitutional prohibition against cruel and unusual punishment. Id. The State filed an answer brief, see Resp. Ex. J, and Silas filed a reply brief, see Resp. Ex. K. On September 23, 2011, the appellate court affirmed Silas's conviction per curiam, see Silas v. State, 75 So.3d 274 (Fla. 1st DCA 2011); Resp. Ex. L, and denied his motion for rehearing on November 8, 2011, see Resp. Exs. M; N. The mandate issued on November 28, 2011. See Resp. Ex. O.

On March 15, 2012, pursuant to the mailbox rule, Silas filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Resp. Ex. P. In his request for post-conviction relief, he asserts that counsel was ineffective because he failed to: object to the legally insufficient Information (ground one); object to his habitual felony offender sentence (ground three); and call an alibi witness (ground four). He also asserted that the court lacked subject matter jurisdiction because the Information was legally insufficient (ground two), and the evidence was insufficient for a jury to find him guilty (ground five). See id. On January 30, 2013, the court denied his Rule 3.850 motion, see Resp. Ex. Q, and denied his motion for rehearing on March 5, 2013, see Resp. Exs. R; S. Silas did not timely appeal the court's denial. See Response at 2.

On July 21, 2016, Silas filed a pro se petition for belated appeal. See http://www.1dca.org, No. 1D16-3310. The appellate court

denied Silas's petition for belated appeal on the merits on September 13, 2016. See Silas v. State, No. 1D16-3310, 2016 WL 4766405 (Fla. 1st DCA Sept. 13, 2016). Silas's September 28, 2016 motion for rehearing remains pending. See http://www.1dca.org, No. 1D16-3310.

## III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., No. 13-15053, 2016 WL 4474677, at *14 (11th Cir. Aug. 25, 2016). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Silas's] claim[s] without

further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Standard of Review

The Court will analyze Silas's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011). As the United States Supreme Court stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

Under AEDPA, when the state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). "Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" Jones v. GDCP Warden, 753 F.3d 1171, 1182 (11th Cir. 2014) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Williams, 529 U.S. at 413, 120 S.Ct. 1495).

For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court – not Supreme Court dicta, nor the opinions of this Court. White v. Woodall,- U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014). To clear the § 2254(d) hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). "[A]n 'unreasonable application of' [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 134 S.Ct. at 1702 (quoting

> Lockyer v. Andrade, 538 U.S. 63, 75-76, 123
> S.Ct. 1166, 155 L.Ed.2d 144 (2003)). A state
> court need not cite or even be aware of
> Supreme Court cases "so long as neither the
> reasoning nor the result of the state-court
> decision contradicts them." Early v. Packer,
> 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263
> (2002); accord Richter, 131 S.Ct. at 784.
>
> "AEDPA thus imposes a highly deferential
> standard for evaluating state-court rulings
> and demands that state-court decisions be
> given the benefit of the doubt." Renico v.
> Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176
> L.Ed.2d 678 (2010) (citations and internal
> quotation marks omitted). And when a claim
> implicates both AEDPA and Strickland, our
> review is doubly deferential. Richter, 131
> S.Ct. at 788 ("The standards created by
> Strickland and § 2254(d) are both highly
> deferential, and when the two apply in tandem,
> review is doubly so." (citations and internal
> quotation marks omitted)). [A petitioner] must
> establish that no fairminded jurist would have
> reached the Florida court's conclusion. See
> Richter, 131 S.Ct. at 786-87; Holsey v.
> Warden, Ga. Diagnostic Prison, 694 F.3d 1230,
> 1257-58 (11th Cir. 2012). "If this standard is
> difficult to meet, that is because it was
> meant to be." Richter, 131 S.Ct. at 786....

Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th

Cir. 2014), cert. denied, 135 S.Ct. 2323 (2015); see also Hittson

v. GDCP Warden, 759 F.3d 1210, 1230 (11th Cir. 2014), cert. denied,

135 S.Ct. 2126 (2015).

For a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. Hittson, 759 F.3d at 1232 ("[T]here is no AEDPA requirement that a state court explain its reasons for rejecting a claim[.]"); see Richter, 562 U.S. at 100 (holding and reconfirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Recently, the Eleventh Circuit instructed:

> Under section 2254(d), a federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) "refers only to 'a decision'" and does not "requir[e] a statement of reasons." Id. at 98, 131 S.Ct. 770.[2] The federal court then must review that decision deferentially.

Wilson v. Warden, Ga. Diagnostic Prison, No. 14-10681, 2016 WL 4440381, at *6 (11th Cir. Aug. 23, 2016) (en banc). Once the federal court has identified the last adjudication on the merits, it must review that decision under the deferential standard of section 2254(d). Id.

> When the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in Richter. In Richter, . . . the Supreme Court of the United States ruled that, "[w]here a state court's decision is unaccompanied by an explanation," a petitioner's burden under section 2254(d) is to "show[] there was no reasonable basis for the state court to deny relief." Id. at 98, 131 S.Ct. 770. "[A] habeas court must determine what arguments or theories supported

_____

[2] Harrington v. Richter, 562 U.S. 86, 98 (2011).

> or, as here, could have supported, the state
> court's decision; and then it must ask whether
> it is possible fairminded jurists could
> disagree that those arguments or theories are
> inconsistent with the holding in a prior
> decision of [the] Court." <u>Id.</u> at 102; 131
> S.Ct. 770....

<u>Id.</u> at *5.

As such, the Eleventh Circuit instructed that "federal courts
should not . . . assume that the summary affirmances of state
appellate courts adopt the reasoning of the court below." <u>Id.</u> at
*7. Nevertheless, when assessing whether there "was no reasonable
basis for the state court to deny relief," <u>Richter</u>, 562 U.S. at 98,
"a federal habeas court may look to a previous opinion as one
example of a reasonable application of law or determination of
fact." <u>Wilson</u>, 2016 WL 4440381, at *9. The Eleventh Circuit
explained the role of the state trial court's reasoned opinion
under these circumstances as follows:

> When the reasoning of the state trial court
> was reasonable, there is necessarily at least
> one reasonable basis on which the state
> supreme court could have denied relief and our
> inquiry ends. In this way, federal courts can
> use previous opinions as evidence that the
> relevant state court decision under review is
> reasonable. But the relevant state court
> decision for federal habeas review remains the
> last adjudication on the merits, and federal
> courts are not limited to assessing the
> reasoning of the lower court.

<u>Id.</u> Thus, to the extent that Silas's claims were adjudicated on the
merits in the state courts, they must be evaluated under 28 U.S.C.
§ 2254(d).

## VI. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S.

10

838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[3] supra, at 747–748, 111 S.Ct. 2546; Sykes,[4] supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the

---

[3] Coleman v. Thompson, 501 U.S. 722 (1991).

[4] Wainwright v. Sykes, 433 U.S. 72 (1977).

> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012). Thus, procedural

defaults may be excused under certain circumstances.

Notwithstanding that a claim has been procedurally defaulted, a

federal court may still consider the claim if a state habeas

petitioner can show either (1) cause for and actual prejudice from

the default; or (2) a fundamental miscarriage of justice. Maples v.

Thomas, 132 S.Ct. 912, 922 (2012) (citations omitted); In Re Davis,

565 F.3d 810, 821 (11th Cir. 2009) (citation omitted). In order for

Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." McCoy v. Newsome, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting Carrier, 477
> U.S. at 488, 106 S.Ct. 2639). Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." Id.
> at 1261 (quoting Carrier, 477 U.S. at 494, 106
> S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a

petitioner may receive consideration on the merits of a

procedurally defaulted claim if he can establish that a fundamental

miscarriage of justice, the continued incarceration of one who is

actually innocent, otherwise would result. The Eleventh Circuit has

explained:

> [I]f a petitioner cannot show cause and
> prejudice, there remains yet another avenue
> for him to receive consideration on the merits
> of his procedurally defaulted claim. "[I]n an
> extraordinary case, where a constitutional
> violation has probably resulted in the
> conviction of one who is actually innocent, a
> federal habeas court may grant the writ even
> in the absence of a showing of cause for the
> procedural default." Carrier, 477 U.S. at 496,
> 106 S.Ct. at 2649.[5] "This exception is
> exceedingly narrow in scope," however, and
> requires proof of actual innocence, not just
> legal innocence. Johnson v. Alabama, 256 F.3d
> 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must

'show that it is more likely than not that no reasonable juror

would have convicted him' of the underlying offense." Johnson v.

Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v.

Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,'

a claim of actual innocence must be based on reliable evidence not

presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998)

(quoting Schlup, 513 U.S. at 324). With the rarity of such

evidence, in most cases, allegations of actual innocence are

ultimately summarily rejected. Schlup, 513 U.S. at 324.

---

[5] Murray v. Carrier, 477 U.S. 478 (1986).

## VII. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying

15

the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson</u>, 759 F.3d at 1248; <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

## VIII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Silas asserts that counsel (Assistant Public Defender Nathan Edward Carter) was ineffective because he failed to interview and call Silas's alibi witness, Ms. Daphne Hill. <u>See</u> Petition at 5. Silas raised the ineffectiveness claim in his Rule 3.850 motion in state court, and the court ultimately denied the post-conviction motion with respect to this claim, stating in pertinent part:

> In Ground Four, Defendant claims that counsel failed to call Ms. Daphne Hill whom he alleges would testify that Defendant and the victim had consensual sex, that Defendant did not know the victim was mentally retarded, and that there was no way to determine that the victim was mentally retarded. Def. Mot. 17-21.[6]

---

[6] <u>See</u> Resp. Ex. P.

16

A witness who lacks personal knowledge of
the matter may not testify. § 90.604.1, Fla.
Stat. (2009); see Roseman v. Town Square
Ass'n. Inc., 810 So.2d 516, 521 (Fla. 4th DCA
2001) (excluding witness's testimony that
residents were adjusting a door because that
witness did not actually see anyone adjust the
door). Moreover, it is well settled that a
witness cannot testify to matters of
conjecture. Kennard v. State, 28 So. 858, 859
(Fla. 1900). Defendant testified that he and
the victim had consensual sex. (Ex. I. at
173-76.)[7] At no time did Defendant testify
that Ms. Hill was present when Defendant and
the victim had sex.[8] Consequently, Ms. Hill
does not have personal knowledge that at the
time of the encounters, the victim consented
to have sex with Defendant. Likewise Ms. Hill
does not have personal knowledge that
Defendant had reason to believe or had actual
knowledge that the victim is mentally
retarded. Defendant alleges that Ms. Hill
would testify that there is "no way to
determine the alleged victim is mentally
defective . . . ." Def. Mot. 18. Only an
expert witness can offer an opinion that
requires specialized knowledge.

> If a witness is not testifying as an
> expert, the witness's testimony
> about what he perceives may be in
> the form of inference and opinion
> when:
>
> (1) The witness cannot readily, and
> with equal accuracy and adequacy,
> communicate what he or she has
> perceived to the trier of fact
> without testifying in terms of
> inferences or opinions and the
> witness's use of inferences or
> opinions will not mislead the trier

---

[7] See Tr. at 322-25 (Silas's testimony).

[8] See Tr. at 325, 331, 340-41 (Silas's references to Daphne
Hill).

of fact to the prejudice of the
objecting party; and

(2) The opinions and inference do
not require a special knowledge,
skill, experience, or training.

§ 90.701, Fla. Stat. (2009). "Witness opinion
testimony is admissible if it is within the
ken of an intelligent person with a degree of
experience." Floyd v. State, 569 So. 2d 1225,
1232 (Fla. 1990)[;] see Kelvin v. State, 610
So.2d 1359, 1364 (Fla. 1st DCA 1992) (holding
that a witness was not qualified to testify to
the trajectory of the bullets when he had no
training in ballistics). "The scope of section
90.701 is usually limited to matters relating
to distance, time, size, weight, form, and
identity, which are easily observable."
Bartlett v. State, 993 So. 2d 157, 164 (Fla.
1st DCA 2008). Although Ms. Hill could testify
to the observable facts relating to the
victim's condition, she could not, as a lay
witness, make an objective conclusion as to
whether one could determine that the victim is
mentally retarded. Such a determination was
for the jury to make based on the facts
presented at trial.

To make out a claim for relief, a
defendant must demonstrate both counsel's
deficiency and how this deficiency prejudiced
the outcome of the proceedings. Strickland,[9]
466 U.S. at 687; Stephens v. State, 748 So.2d
1028, 1031 (Fla. 1999). To demonstrate
prejudice, a defendant must show that "there
is a reasonable probability that, but for
counsel's unprofessional errors, the result of
the proceeding would have been different. A
reasonable probability is a probability
sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694; Valle
v. State, 778 So.2d 960, 965-66 (Fla. 2001). A
forensic psychologist, who specializes in
learning disability evaluations, testified for

---

[9] Strickland v. Washington, 466 U.S. 668 (1984).

the State.[10] He interviewed the victim and testified that the victim has physical traits of mental retardation, has low communication skills, and does not understand what sex is. (Ex. I at 114-15; 119-20; 141-42.) Moreover, the State presented a videotape of the psychologist's interview with the victim, demonstrating the victim's mental state. (Ex. I at 123-40.)[11] Finally, the jury observed the victim when she testified. (Ex. I at 71-83.)[12] There was sufficient evidence from the testimony of one with special knowledge, skill, experience or training and from the presentation of observable facts for the jury to find: the victim did not consent to having sex with Defendant; the victim is mentally retarded; and Defendant had reason to believe or actual knowledge that the victim is mentally retarded. Defendant is unable to establish that Ms. Hill's testimony would have changed the outcome of the proceedings. Defendant is not entitled to relief on this claim.

Resp. Ex. Q at 5-7. Silas did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred since Silas failed to appeal the court's denial. See Response at 13. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Silas failed to raise the claim in a procedurally correct manner. Silas has not shown either cause excusing the default or actual

---

[10] See Tr. at 255-94 (Dr. Jerry Valente's testimony).

[11] See Tr. at 272-89 (Dr. Valente's videotaped interview with the victim).

[12] See Tr. at 220-32.

prejudice resulting from the bar.[13] Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Assuming that Silas's claim is not procedurally barred, Silas is not entitled to relief. The state post-conviction court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Silas is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, and that the claim presents a sufficiently exhausted issue of federal constitutional dimension, Silas's claim is, nevertheless, without merit. The record fully supports the trial court's conclusion. In evaluating the

---

[13] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318 (citation omitted). As discussed in the alternative merits analysis that follows, this ineffectiveness claim lacks any merit. Therefore, Silas has not shown that he can satisfy an exception to the bar.

performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. See Anderson v. Sec'y, Fla. Dep't of Corr., 752 F.3d 881, 904 (11th Cir. 2014), cert. denied, 135 S.Ct. 1483 (2015). The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005). Thus, Silas must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel

acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Silas has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. As the Eleventh Circuit has recognized, "[t]here is much wisdom for trial lawyers in the adage about leaving well enough alone." Waters, 46 F.3d at 1512. Counsel's decision as to "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that [the court] will seldom, if ever, second guess." Id.; Chandler v. United States, 218 F.3d 1305, 1314 n.14 (11th Cir. 2000) (describing the decision to call some witnesses and not others as "the epitome of a strategic decision" (quotation marks and citation omitted)). Moreover, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991).

Even assuming arguendo deficient performance by defense counsel, Silas has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had interviewed and called Ms. Daphne Hill at trial as a defense witness. Silas

referred to Ms. Hill a few times during his testimony, but none of his references described a scenario at which Ms. Hill was present when Silas and the victim engaged in sexual relations. See Tr. at 325, 331, 340-41. As the post-conviction court stated, there was sufficient evidence for the jury to find that the victim did not consent to having sexual intercourse with Silas, and that the victim was mentally retarded and Silas "had reason to believe or actual knowledge that the victim was mentally retarded." Resp. Ex. Q at 7; see Fla. Stat. § 794.011(4)(e); Tr. at 379. Silas's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Silas is not entitled to federal habeas relief on ground one.

## B. Ground Two

As ground two, Silas asserts that the evidence was not sufficient to sustain the conviction. Silas raised the claim in his Rule 3.850 motion in state court, and the court ultimately denied the post-conviction motion with respect to this claim, stating in pertinent part:

> In Ground Five, Defendant alleges that the evidence presented at trial was not sufficient to convict him of the offense. A defendant may not challenge the admissibility, validity, or sufficiency of the evidence against him or her in a motion seeking postconviction relief. Betts v. State, 792 So.2d 589, 590 (Fla. 1st DCA 2001). Defendant challenges the sufficiency of the evidence; therefore, he is not entitled to relief.

Resp. Ex. Q at 7. Silas did not appeal the post-conviction court's denial. Respondents contend that the claim is procedurally barred, see Response at 15-16, and the Court agrees that the claim has not been exhausted. As Silas failed to raise the claim in a procedurally correct manner, it is procedurally barred. Silas has not shown either cause excusing the default or actual prejudice resulting from the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred, Silas's claim is, nevertheless, without merit. The State presented ample evidence to support Silas's conviction for sexual battery upon a mentally defective person. The Due Process Clause of the Fourteenth Amendment requires the State to prove each element of the offense charged beyond a reasonable doubt. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)). In reviewing the sufficiency of the evidence, "this court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). Jackson v. Virginia "provides the federal due process benchmark for evidentiary sufficiency in criminal cases." Williams v. Sec'y for Dep't of Corr., 395 F. App'x 524, 525 (11th Cir. 2010) (per curiam)

(citing Green v. Nelson, 595 F.3d 1245, 1252-53 (11th Cir. 2010)). In accordance with this authority, the relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Jackson, 443 U.S. 319.

The Information charging Silas with sexual battery states, in pertinent part:

> BURKE LYNTONIA SILAS on or between August 16, 2008 and August 20, 2008, in the County of Duval and the State of Florida, did commit a sexual battery upon and without the consent of S****** D***** S****, a person 12 years of age or older, when S****** D***** S**** was mentally defective and BURKE LYNTONIA SILAS had reason to believe this or had actual knowledge of that fact, by placing his penis in or upon the vagina of S****** S****, contrary to the provisions of Section 794[.]011(4)(e), Florida Statutes[.]

Resp. Ex. A at 10, Information. The trial judge instructed the jury that, to prove the crime of sexual battery upon a mentally defective person, the State must prove four elements beyond a reasonable doubt:

> One, S****** D***** S**** was 12 years of age or older; two, Burke Lyntonia Silas committed an act upon S****** D***** S**** in which the sexual organ of Burke Lyntonia Silas penetrated or had union with the vagina of S****** D***** S****, three, S****** D***** S**** was mentally defective and Burke Lyntonia Silas had reason to believe this, or had actual knowledge of that fact. And, four, the act was committed without the consent of S****** D***** S****.

Tr. at 379. The jury returned a verdict of guilty as charged. Id. at 397.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Silas committed sexual battery upon a mentally defective person, and as such to support the conviction for sexual battery upon a mentally defective person. Competent evidence of the elements of the offense was introduced at trial, and no due process violation occurred. The jury was entitled to believe the State witnesses and the victim. Additionally, the jury heard the testimony of Dr. Valente, a forensic psychologist, and watched Detective Haines' videotaped interview of Silas and Dr. Valente's videotaped interview of the victim, and therefore was entitled to make its own determination as to the elements of the criminal offense.[14] Given the record, the trial court did not err in denying Silas's motions for judgment of acquittal. See Tr. at 295-98, 343. The State's evidence at trial amply supported the four elements required for a conviction. Therefore, Silas is not entitled to habeas relief as to ground two.

### C. Ground Three

As ground three, Silas asserts that counsel was ineffective because he failed to have Silas tested for acute primary herpes genitalis and present to the jury that the victim's attacker was suspected of infecting the victim with herpes, and Silas did not

_____

[14] See Tr. at 198-207; 272-89.

26

have herpes. See Petition at 8. Upon review, it appears that Silas failed to raise this claim in his Rule 3.850 motion. See Resp. Ex. P. Respondents contend that the claim is procedurally barred since Silas failed to present the claim in his post-conviction motion. See Response at 17-18. On this record, the Court agrees that the claim has not been exhausted, and is therefore procedurally barred since Silas failed to raise the claim in a procedurally correct manner. Silas has not shown either cause excusing the default or actual prejudice resulting from the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred, Silas's claim is still without merit. The record reflects that defense counsel called Nelson Aguilar, a physician's assistant at the Duval County Jail. Aguilar testified that he examined Silas "last Friday" (Friday, April 2, 2010) and did not see any herpes lesions or visual symptoms of a sexually transmitted disease. Tr. at 302-04. On cross-examination, Aguilar affirmed that it is common for herpes to appear and then disappear. See id. at 305.

On this record, Silas has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Silas has not shown any resulting prejudice. Silas's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting

prejudice. Accordingly, Silas is not entitled to federal habeas relief on ground three.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Silas seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Silas "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Silas appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2016.

MARCIA MORALES HOWARD
United States District Judge

sc 11/7
c:
Burke Lyntonia Silas, FDOC #281725
Counsel of Record